ANDREW THOMPSON, Respondent, *v.* JOHN P. MONROW, Appellant.

The common law is presumed to be in force in other States, unless the contrary be shown.

Interest is not recoverable on a judgment of another State, without proof that the law of such State allows interest on judgments.

At common law, judgments do not carry interest.

The appellate court will presume in favour of the judgment below, unless the record clearly show error.

APPEAL from the District Court of the Fourth Judicial District.

Thompson filed his complaint against Monrow, stating that on the 11th of December, 1846, James M. Moore recovered judgment against the defendant, in the Court of Common Pleas of the County of New York, State of New York, for $1687.05, as appeared by the record thereof, profert of an exemplified copy whereof was made; that on the 6th of October, 1850, Moore sold and assigned said judgment to the plaintiff; and that the judgment was still in full force, and unsatisfied; and praying judgment for said sum of $1687.05, with interest, since its recovery.

Judgment having been rendered for the plaintiff, the defendant brought the present appeal; pending which the transcript of the record was burned by fire. The parties thereupon filed an agreement, as a substitute for the record, that the action was brought upon said judgment; that on the trial in the Court below, the only evidence was an exemplification of the record of said judgment, for the recovery of the sum of $1687.05; and that the

District Court thereupon rendered judgment for the plaintiff for $2185.10, and costs of suit.

*J. Clarke*, for the appellant.   1. No interest is recoverable on a foreign judgment.   2. At all events, only New York interest was recoverable; and it was necessary to prove the New York statute allowing interest.   Thompson *v.* Ketchum, 8 Johns. 191; Henford *v.* Nichols, 1 Paige, 220–6 ; Peacock *v.* Banks, 1 Ala. 387; Chit. Bills, 683; Holmes *v.* Broughton, 10 Wend. 75; 2 Mass. 34.

*Chetwood, Edwards, Rose,* and *Turk,* for the respondent.   1st. There being no bill of exceptions, this Court cannot know that interest was allowed by the District Court, the record not showing it.   2d. The allowance of New York interest was in favour of the appellant, as, in the absence of proof of the New York law, the plaintiff was entitled to California interest.   The *lex fori* governs as to interest, unless the *lex loci* be shown.   2 Hill, 201, and note; 8 Mass. 99; 1 Cow. 103; 10 Wend. 75; Cow. & Hill's Notes, 1136.

Justice HEYDENFELDT delivered the opinion of the Court. According to the well settled doctrine of several of the highest Courts of other States, we must judicially know (presume?) that the common law is the rule of decision in the other States, unless the contrary is expressly shown.   It follows that, as no judgments at common law carried interest, none should be here allowed on a judgment rendered in the State of New York, where there is no evidence showing that the common law had been altered by statute of that State.

But in the record of the case now under consideration, it nowhere appears that the Court below did allow interest upon the judgment.   It is true that the judgment below is for a much larger sum than the New York judgment sued upon ; but that may have resulted from the addition of the costs.   We cannot presume error unless it is clearly disclosed.

Let the judgment be affirmed.

The appellant filed a petition for a rehearing, which the Court overruled, February 18.