JOHN CAVENDER, RESPONDENT, *v.* ALBERT H. GUILD,
APPELLANT.

[1] LIMITATION, ACTION ON FOREIGN JUDGMENT.—The Act of May 4th, 1852, "Defining
the Time of Commencing Civil Actions in Certain Cases," only alters a portion
of the Act of April 22d, 1850, section 17; it does not change the period (five
years) in which suit may be brought on judgments, or decrees of Courts of
the United States, or any State or Territory.

[1] Approved in *Patten* v. *Ray, post,* 287.

JUDICIAL NOTICE NOT TAKEN OF FOREIGN LAWS.—The legal rate of interest in other States, or the fact that the judgments of other States, bear any rate of interest, are matters of fact to be proven, and cannot be judicially noticed.

INTEREST ON FOREIGN JUDGMENTS PRESUMPTIOUS.—In the absence of proof, where the judgment itself, of another State, is silent on the subject, it will be presumed that, under the law of that State, no interest is allowed on judgments of that character.

APPEAL from the Superior Court of the City of San Francisco.

This was a suit brought by plaintiff against Guild, on the 23d day of August, A. D. 1853, in the Superior Court of the City of San Francisco, on a judgment recovered, by said plaintiff, against said Guild, on the 28th day of April, 1851, in the Circuit Court of St. Louis County, in the State of Missouri, for the sum of $451 31, and costs of that suit, which costs, the complaint alleged, amounted to the sum of ten dollars and sixty-five cents, and were taxed, in said Circuit Court, at that sum.

*The complaint alleged that the judgment was in    [251] full force, and wholly unsatisfied, and asked judgment in said Superior Court, for the amount thereof, *with interest from its date, at the rate of six per cent.* and costs of this suit.

The defendant was personally served with process, and on the 29th day of August, A. D. 1853, appeared and filed his answer, alleging, first, that there was no record remaining in said Circuit Court of the County of St. Louis, of the judgment declared on, in manner and form, etc.; and, secondly, that the said pretended judgment, if any there be, was founded upon an instrument in writing, executed out of this State, for the payment of money, and that more than two years had elapsed at the time of the institution of this suit, since the said instrument of writing, and the money aforesaid, had become due and payable, and since the cause of action therefor had accrued, and that said instrument of writing, and the money aforesaid, had become, and was due and payable, and the cause of action therefor had accrued more than two years prior to the 4th day of May, 1852.

To all of the second part of this answer the plaintiff filed

a demurrer, specifying as a reason therefor, that it contained no defense to the action. Upon argument and due consideration, the demurrer was sustained.

The cause was afterwards, on the 8th day of February, 1854, tried by the Court, the parties waiving a jury, upon the issue, "that there was no such record in the Circuit Court of St. Louis County; and the Court found said issue for the plaintiff, that there was such a record as he had alleged," and ascertained the amount to be recovered by him, for principal and interest of said judgment, at the sum of $590 29. No objection was made, at the time, to the finding of the Court, in the computation of this sum, nor was any objection ever made in the Court below, so far as appears by the record, to the allowance of interest, or to the rate at which it was computed, nor does it appear, from the record, at what rate the Court did in fact compute it.

The only matter put in issue by the defendant (except the Statute of Limitations) was, whether there was such [252] a record * as the plaintiff had alleged in his complaint. All other matters alleged in the complaint, to wit: the amount of the plaintiff's costs in the Circuit Court; that said judgment, if any, was wholly unsatisfied; and, that the whole amount thereof, with interest thereon, from its date, at the rate of six per cent. per annum, was still due and wholly unpaid, were admitted upon the record, by the form and substance of the pleading.

The defendant appealed from the judgment, and all orders made and rendered in this cause.

*Crockett & Page,* for Appellant.

1st. The Court below erred in sustaining the demurrer. The Act of May 4th, 1852 (Acts of 1852, p. 161), formed a good bar to the action. It was founded on two promissory notes, executed out of the State, and dated respectively July 21st and 26th, 1847, more than two years before the commencement of the suit.

2d. There was no proof that a judgment in Missouri, bears interest, or at what rate; it was, therefore, error to

give interest.   (2 Cal. 100.)   Conceding that it was proper
to allow interest at six per cent., the Court has allowed ten
per cent.

   *James B. Townsend,* for Respondent.

   1st.  The cause of action in this suit is the judgment ob-
tained in Missouri; not the notes on which it was founded.
The Act of May 4th, 1852, therefore does not apply.

   2d.  No question was made in the Court below, as to the
rate or amount of the interest.   The law never presumes error,
or allows anything to be excepted to as such, which has
not been decided or excepted to in the Court below.   ( 12
Johns.  493; 13 Ib.  561; 17 Ib. 470; 2 Cow. 49; 2 Sch. &
L.  709.)

   3d.  As to rate of interest allowed:  In the absence of
evidence to the contrary, the law of another State is pre-
sumed to be the same as our own.   ( 2 Hill, 201; 3 Barb.
20;  1  Miller (Lou. )  528  and  540;  3 Ib. 357;  12  Ib.
465;  8 Mass.  99; 1 Cow. 103; Breese ( Ill. ) 16; 2
* Scam. ( Ill. ) 9; 2 Hill (S. C. ) 319.)   The case in   [253]
2 Cal. 100, is not an authority on the point; it is
only a *dictum* of HEYDENFELDT, J.

   Mr. Ch. J. MURRAY delivered the opinion of the Court.
Mr. J. HEYDENFELDT concurred.

   This action was commenced upon a foreign judgment.
   Answer—*Nul tiel record* and the Statute of Limitations.
   To the last plea the plaintiff demurred; demurrer sus-
tained and the cause prosecuted to trial.   Judgment for
plaintiff.

   The errors assigned are: first, the judgment of the Court
below, sustaining the plaintiff's demurrer; and second, the
allowance of interest upon said judgment.

   The appellant, to sustain the first ground of error, relies
upon the Statute of 1852, entitled "An Act Defining the
Time of  Commencing  Civil Actions  in  Certain  Cases,"
which only alters a portion of section 17th, of the Act of

April 22d, 1850, but does not change that part of the statute under which this suit was brought. The language of the Act of 1850, unchanged by the subsequent Act of 1852, is, that "An action may be brought within five years upon a judgment or decree of any Court of the United States, or of any State or Territory within the United States," and the Court below properly sustained the plaintiff's demurrer.

Upon the second point, we are of the opinion there is error. The bill of exceptions purports to set forth "*all* the *evidence introduced* upon the trial." On examination we cannot find that there was any testimony before the Court, showing either the legal rate of interest in the State of Missouri, or the fact that judgments bore any interest whatever, by the laws of that State. This was a matter of proof, like any other independent fact, and could not be taken notice of by the Court. (*Thompson* v. *Monrow*, 2 Cal. 99.) It is said the declaration alleges the interest to be due, and that the answer does not deny it. The answer denies not only the existence of the record, but the consequences resulting from it. The judgment of the Court of Missouri, does not call for interest, and in the absence of proof, it will be presumed, under the laws of that * State, that no interest was allowed upon judgments of this character.

[254]

The Court below is directed to correct its judgment in this particular, and to enter final judgment for the plaintiff in conformity to this opinion, the respondent paying costs.