ANA MARIA FEDERICO, APPELLANT, *v.* WILLIAM A.
HANCOCK, RESPONDENT.

ERROR MUST BE AFFIRMATIVELY SHOWN in order to justify an appellate
court in reversing a judgment.

APPELLATE COURT CAN NOT DETERMINE WHETHER FINDING IS SUSTAINED
by the evidence or not, where the record on appeal contains none of the
evidence.

FINDINGS ARE CONCLUSIVE AS TO THE FACTS, when no motion for a new
trial has been made.

PARTY ALLEGING ERROR MUST POINT OUT SPECIFICALLY in what the error
consists, and wherein it occurred. A general allegation of error is never
sufficient.

EXCEPTIONS MUST BE TAKEN AT TRIAL IN COURT BELOW, or they can not
be regarded by the supreme court.

RIGHT TO TRIAL BY JURY DOES NOT EXIST IN EQUITY CASES.

By Court, FRENCH, C. J.:

The only papers contained in the transcript in this case are the following: The complaint, answer, findings of fact and conclusions of law, the judgment, notice of appeal, and clerk's certificate.

Nothing whatever is asked of the court in the brief of appellant. It simply discusses matters of law, none of which can by any possibility be raised on this record, and no relief or action of this court is asked for, or even suggested. There is no statement, no exceptions, none of the evidence, no specifications. The transcript contains only the six papers aforementioned, which are all regular on their face. Error must be affirmatively shown.

In the notice of appeal certain averments are made. For example, it is there (in the notice of appeal) averred "that the court erred in finding of fact that there was no fraud on the part of defendant." There are many reasons why this proposition can not be reviewed, or even considered, by the appellate court: 1. Because there is not a word of the evidence in the record. How, without any of the evidence, can the appellate court determine whether the finding is sustained by the evidence or not? 2. There was no exception or objection whatever taken to any of the findings in the court below. 3. There was no motion for a new trial.

The findings of the court below will not be reviewed on appeal unless there was a motion for a new trial. *Gagliardo* v. *Hoberlin*, 18 Cal. 395; *Allen* v. *Fennon*, 27 Id. 69; *People* v. *Banvard*, Id. 475.

No motion for new trial having been made, the findings are conclusive as to the facts.

2. It is averred, secondly, in the notice of appeal, "that the court erred in its conclusions of law; that the defendant was the rightful owner of said lots.

3. "That the court erred in decreeing the defendant in lawful possession, and that he is the legal owner and entitled to the possession of said lots."

These are general averments made for the first time long after the trial, that the court erred. There are no specifications whatever. When, where, or wherein did the court err? Legal errors of the court should be pointed out.

They should be excepted to in a legal manner, as the statute prescribes. Both the statute and practice require that the party alleging error shall specify and point out specifically the alleged error, wherein it occurred; put his finger, as the decisions express it, upon the precise error.

It is never sufficient to allege error in a general manner. The same may be said of the fourth averment in the notice of appeal.

If the facts claimed in plaintiff's brief, as established by the pleadings, etc., were believed by plaintiff to be so established, she should have moved the court for a decree in plaintiff's favor, and excepted to the action of the court, if refused. So all through the proceedings in the court below, if any ruling or action of the court was against the plaintiff's rights, an exception should have been taken. The same in regard to the findings and decree.

If error was committed, the court below should have had at least an opportunity of correcting it; and if not remedied, then upon proper exceptions and statement, or bill of exceptions, it might be corrected here.

The case is one purely in equity. In an equity case there is no right of trial by jury.

The case was heard by the court without a jury, and the pleadings, findings, and decree are all regular upon their face, without any statement, bill of exceptions, or any evidence. They can not be changed or disturbed by the appellate court.

The appellate court will presume in favor of the judgment below, unless the record clearly shows error. *Thompson* v. *Monrow*, 2 Cal. 99; *Kilburn* v. *Ritchie*, Id. 146.

The supreme court will not presume error, or that facts exist which would show error.

If the court below commits error in its finding or judgment, that error, or the facts necessary to establish it, must be shown affirmatively by the appellant. *Herriter* v. *Porter*, 23 Cal. 385.

All intendments must be in favor of sustaining the judgment of courts of original jurisdiction; and to disturb such judgment, it is not sufficient that error may have intervened, but it must be affirmatively shown by the record. *Nelson* v. *Lemmon*, 10 Cal. 50.

If the court makes a finding of facts, but does not include a finding upon one of the issues raised, and the judgment rendered is based upon that issue, the presumption will be that the court found upon that issue in such a way as to sustain the judgment. *Sears* v. *Dixon,* 33 Cal. 326.

Every intendment is in favor of a judgment of a court of record. And until the contrary be made clearly to appear, the appellate court is bound to suppose that it was based on proper evidence. *Grewell* v. *Henderson,* 7 Cal. 291.

In the light of the foregoing authorities, and all authorities in equity practice and proceedings, and the practice of appellate courts, the record in this case is worthless for the purposes of an appeal, and utterly without merit, and the appeal is frivolous.

PORTER and STILWELL, JJ., concurred.