[Civ. No. 938.   Third Appellate District.—June 28, 1912.]

INTERLOCKING STONE COMPANY, a Corporation, Plaintiff, Appellant, v. M. G. SCRIBNER et al., Defendants. E. E. ROLLINS, Cross-complainant, Respondent, v. M. G. SCRIBNER et al., Cross-defendants; INTERLOCKING STONE COMPANY, a Corporation, Cross-defendant, Appellant.

INTERPLEADER—CONFLICTING CLAIMS TO FUNDS OF STOCKHOLDER AND DEBTS OF CORPORATION TO STOCKHOLDER—GARNISHMENT OF FUNDS —ASSIGNED NOTES—SUIT ON DEBT.—Where a complaint in interpleader shows an indebtedness of the corporation plaintiff to a stockholder on an open account and two promissory notes, and certain garnishments against the plaintiff of all the interest of such stockholder in the corporation, and alleges that such stockholder has sued plaintiff on the open account, and had assigned such notes to one of the defendants prior to such garnishment, and alleges other necessary facts, it states a sufficient cause of action requiring the defendants to interplead concerning their conflicting claims against such stockholder and the corporation plaintiff.

ID.—CROSS-COMPLAINT BY DEFENDANT HOLDING ASSIGNED NOTES OF PLAINTIFF—ATTACHMENT ON CORPORATE NOTES BEFORE DEPOSIT OF FUND IN COURT.—The defendant, alleged to hold the notes of the corporation plaintiff, had the right to file a cross-complaint making the corporation plaintiff, as debtor on such assigned notes, a party defendant to such cross-complaint, and before payment of

the controverted fund into court may, with such cross-complaint, file an affidavit and undertaking, and have a writ of attachment issued against the money and property in controversy to secure a lien thereon as against any other possible creditor of the stockholder not a party defendant to the interpleader.

ID.—PROPER PROCEDURE IN INTERPLEADER—RIGHTS OF PLAINTIFF UPON PAYMENT INTO COURT—DISCHARGE.—As far as the plaintiff in interpleader is concerned, as soon as all the parties to the interpleader had either appeared or defaulted, it would be the proper procedure to determine whether it was a proper case for interpleader. If this question is determined in the affirmative, upon the plaintiff depositing the fund in court, an order would be made discharging the plaintiff from liability to all or any of the conflicting claimants, and the latter would be required to litigate their several claims among themselves. This would relieve plaintiff from any liability or burden incident to the writ of attachment.

ID.—PROPER PLEADINGS—TWO SETS—RIGHT OF PLAINTIFF—ANSWERS IN NATURE OF CROSS-COMPLAINTS TO BE SERVED UPON ALL CLAIMANTS.—There may be two sets of pleadings in an action of interpleader, the first of which has reference only to the right of the plaintiff to bring the suit and for the defendants to interplead. The second set are those of the respective conflicting claimants, whose answers are in the nature of cross-complaints, and must be served upon every other defendant who may answer the same.

ID.—ORDER REFUSING TO DISSOLVE ATTACHMENT NOT ERRONEOUS—AFFIRMANCE.—It is held that the court properly refused to dissolve the attachment in favor of the cross-complainant, upon the assigned notes against the plaintiff, in the action for interpleader, and its order refusing to dissolve the same must be affirmed. There was no want of jurisdiction of the court over the subject matter; and there was no irregularity or excess of authority in the proceedings respecting the writ of attachment.

APPEAL from an order of the Superior Court of Alameda County refusing to dissolve an attachment in an action of interpleader. Wm. H. Waste, Judge.

The facts are stated in the opinion of the court.

F. A. Berlin, for Appellant.

M. C. Decarli, for Respondent.

BURNETT, J.—The action was brought in interpleader by plaintiff under section 386 of the Code of Civil Procedure, providing that "Whenever conflicting claims are, or may be,

made upon a person for, or relating to personal property, or the performance of an obligation, or any portion thereof, such person may bring an action against the conflicting claimants to compel them to interplead and litigate their several claims among themselves.''

It appears by the complaint that plaintiff is indebted on an open account to the defendant M. G. Scribner in the sum of $577, and on a promissory note, dated July 30, 1909, for the amount of $275.50 and interest, and on another note, of January 8, 1909, for the amount of $820.10 and interest; that there was, at the time of the commencement of the action, standing upon its books in the name of M. G. Scribner, 6,101 shares, and in the name of defendants, Neal and Scribner, 6,201 shares of the capital stock of plaintiff corporation; a detailed statement is set out of certain writs of execution and writs of attachment issued against said Scribner in various causes and, by process of garnishment levied upon all the property and debts in the hands of plaintiff and belonging or owing to said Scribner; that the defendant E. E. Rollins claims to be the owner by assignment, for value, and before maturity, and before the levy of said attachments and executions, of the two said promissory notes; that, on May 26, 1910, the said defendant, M. G. Scribner, commenced an action in the superior court of Alameda county against plaintiff herein to recover the said sum of $577 due to said Scribner on said open account. The foregoing facts and others are alleged in a manner to make it plain that the defendants should be required to interplead concerning their claims to the moneys and property referred to in the complaint.

The defendant, E. E. Rollins, appeared and filed a cross-complaint and made plaintiff herein a party defendant thereto. In the cross-complaint the said two promissory notes were set out and it was alleged that the same were, subsequent to their execution and prior to the filing of said cross-complaint, duly assigned, indorsed and delivered to said cross-complainant. With said cross-complaint the said Rollins filed an affidavit and undertaking and had a writ of attachment issued against the property of the said Interlocking Stone Company. Appellant states that this writ was levied upon the property of said company, but as to this the record is silent. The plaintiff herein moved the superior court to dis-

solve the said attachment, but the motion was denied and from this order of denial the appeal has been taken. The motion was made upon the ground "that said attachment was improperly and irregularly issued" for the reason that the said affidavit and said undertaking were each "irregular, improper, defective and void and upon the further ground that the above-entitled action being an action in interpleader, the said court has not, nor has the clerk of said court, any jurisdiction or authority to issue an attachment in said action upon the cross-complaint therein."

The said affidavit and undertaking seem to be in proper form, and, indeed, no attack is made upon them in appellant's brief. The last ground mentioned is the only one that is urged for reversal of the order. The contention of appellant is that "The plaintiff claims to be only a stakeholder, and prays that the defendants may be required to interplead among themselves to determine the relative priorities of their claims to the fund in the hands of the stakeholder. The plaintiff has no interest in the controversy among the defendants and is not a proper party defendant to the cross-complaints of the defendants; it would be a hardship and an injustice to require the plaintiff in such an action of interpleader to plead to sixteen or more cross-complaints, when it disclaims any interest in the property and offers to deliver it to whomsoever the court may determine to be entitled to it. If a defendant does not care to interplead with his codefendants in reference to the subject matter involved, he should go into another forum to assert his rights, and it may be that there he might proceed by attachment. But even there he must litigate with his codefendants here, or his object cannot be obtained." But it is submitted that appellant has mistaken the form of procedure for relief and that the apprehension of hardship is more fanciful than real. There is nothing in the law to prevent Rollins from filing a cross-complaint, as he did. He stated a cause of action on an express contract for the direct payment of money in this state. His cause of action was against plaintiff herein which was made defendant to the cross-complaint. Cross-complainant was thus in a position to make the affidavit required by section 538 of the Code of Civil Procedure. Unless the action is brought against the party who is the asserted debtor, it is apparent that he could

not make the affidavit nor secure the writ of attachment. Nor is it perceived why he should go into any other forum and bring an independent action against plaintiff when he had already been brought into court by the act of plaintiff itself to litigate this very matter.

The complaint of Rollins being for a cause of action that constitutes the foundation for the issuance of a writ of attachment, and the affidavit and undertaking being in proper form and the court having undoubted jurisdiction of the subject matter, it cannot be said that any irregularity or excess of authority can be affirmed of the proceedings in the court below. To protect Rollins' interest it may have been entirely unnecessary to have the writ issued, but the money involved was still in the hands of plaintiff herein, and it would seem that Rollins had the legal right, by the process of garnishment before the money was paid into court, to forestall any possible adverse action on the part of some creditor of Scribner, not made a party defendant in the complaint of interpleader.

As far as plaintiff is concerned, as soon as the parties defendant had appeared or defaulted, the court would determine whether it was a proper case for interpleader. The question being determined in the affirmative, upon the payment of the money into court, an order would be made discharging plaintiff from liability to all or any of the conflicting claimants, and the latter would be required to litigate their several claims among themselves. (Sec. 386, Code Civ. Proc.) This, of course, would relieve plaintiff of any liability or burden incident to said writ of attachment.

The course of procedure in such cases is discussed in *San Francisco Savings Union* v. *Long,* 123 Cal. 109, [55 Pac. 709], wherein Judge Temple, speaking for the court, said: "In such cases there may always be a twofold contest: first, as to the right of the plaintiff to bring the suit and to force the defendants to interplead; and if such right is maintained, the litigation among the defendants. There may be two sets of pleadings: first, those having reference only to the right of the plaintiff to compel the defendants to interplead, and the several complaints of the defendants in which their respective rights to the subject in controversy are set up. These may be, and usually are, included in the answer to the bill of in-

terpleader. Such answer is then in the nature of a cross-complaint and should be served upon each defendant, who may answer the same. Whether the plaintiff shall be permitted to maintain such an action is first determined, and if his right is sustained an interlocutory decree is entered requiring the defendants to litigate their claims *inter sese.*"

Although not disclosed by the record, it is fair to assume that the course as thus indicated has long since been pursued, and that plaintiff is no longer a party to the litigation. At any rate, the showing made in the court below does not lead to the conclusion that the order refusing to dissolve the attachment was erroneous. It is therefore affirmed.

Chipman, P. J., and Hart, J., concurred.