[Civ. No. 6163. Second Appellate District, Division Two.—February 25, 1931.]

M. C. KNAPP, Appellant, v. B. NICOLL & CO. (a Corporation) et al., Respondents.

D. A. Knapp for Appellant.

Sherman & Sherman for Respondents.

THOMPSON (IRA F.), J.—It seems proper to direct attention at the outset to the incorrectness of the title of this appeal in order that our opinion may not be misread and misapplied. The plaintiff commenced an action against the defendants named in the caption, alleging that the corporate defendant B. Nicoll & Co. had become indebted to her in the sum of $1338.80 for general hauling, which sum it had not paid either in whole or in part; that the other defendants, without right, claimed some interest in the account, and prayed judgment accordingly. The defendant corporation, B. Nicoll & Co., answered admitting that it became indebted to Western States Transport Company in the sum of $1282.43, and alleging that a controversy had arisen concerning the one to whom payment of that amount should be made; that it was not interested in that question; and that all of the parties had stipulated that the fund might be deposited in court and the answering defendant dismissed from the action. The stipulation was filed and the money deposited pending the outcome of the action. The defendant Epperson answered denying that the defendant B. Nicoll & Co. had become indebted to plaintiff and alleging that said claimed sum was the property of the Western States Transport Co.; that he had recovered a judgment against the Western States Transport Co. in the sum of $1379.76 including costs; and that prior to the rendition of the judgment all moneys in the hands of B. Nicoll & Co. and due the Western States Transport Co. had been garnisheed by him. The defendant Epperson also filed a cross-complaint in which he set up the same claim to the fund arising by reason of the garnishment and judgment and also alleging that if the account was assigned to plaintiff by the Western States Transport Co. it was without consideration and was made for the purpose of defrauding creditors and in particular of defeating cross-complainant's judgment lien. The defendant Guaranty Liquidation Company also filed an answer substantially the same as that of defendant Epperson and setting up a garnishment of the fund and a judgment in the sum of $689.77 and by way of an affirmative defense again set forth its claim to the money, alleging that the assignment to plaintiff, if one was made, was an attempt to hinder, delay and defraud creditors; and asked

that its judgment be satisfied out of the fund. Prior to the introduction of any testimony it was stipulated by all the parties that the cross-complainant had levied a garnishment upon B. Nicoll & Co. for all moneys due the Western States Transport Co. on February 9, 1928; and that thereafter and on February 20, 1928, in the identical action, had recovered a judgment against Western States Transport Co. in the sum of $1379.76, no part of which had been paid. It was likewise stipulated that the Guaranty Liquidation Co. had garnisheed all moneys due or owing from B. Nicoll & Co. to the Western States Transport Company on February 10, 1928, in an action which had subsequently gone to judgment in the sum of $689.77. The bill of exceptions shows that plaintiff attempted to introduce some evidence, the materiality of which the trial court could not see (nor can we) and then asked leave to amend her complaint alleging an assignment of a contract between the Western States Transport Co. and B. Nicoll & Co. to the plaintiff on November 1, 1927, which request the court below denied. Thereupon the defendants moved for a nonsuit which was granted and also asked for judgment upon the cross-complaint of cross-complainant Epperson and the affirmative defense of defendant Guaranty Liquidation Co., which was also granted, the court apportioning the fund to these two upon their judgments. The appeal is from the judgment so rendered.

█ It is the contention of appellant that the court was without right to enter a judgment in favor of cross-complainant Epperson and defendant Guaranty Liquidation Co. after motion for nonsuit as to plaintiff's complaint was granted. She bases her assertion in this particular upon the authority of *San Francisco* v. *Brown,* 153 Cal. 644 [96 Pac. 281, 282]. That case was one in ejectment, to the complaint in which the defendants responded by an answer alleging ''the statute of limitations and adverse possession for the requisite statutory period''. After plaintiff rested its case the defendants moved for a nonsuit which was granted. Some time thereafter, the clerk, without any instructions from the judge, entered a judgment, pursuant to the instruction of defendant's counsel decreeing the defendant Brown to be the owner and entitled to possession of the property. The Supreme Court said: '' . . . [I]t is apparent that the judgment which was entered was not the

judgment rendered by the court. The judgment is rendered was one of nonsuit only, the effect of which was simply to declare that the plaintiff had failed to make proof of material allegations necessary to sustain his cause of action. It decided nothing on the merits of the controversy, and necessarily could not, as its effect was to virtually put the plaintiff out of court. It operated simply as a dismissal of the case. (*Wood* v. *Ramond*, 42 Cal. 643.)'' Here, however, we are confronted with an entirely different situation. Epperson had filed a cross-complaint in reply to which an answer had been filed by the plaintiff. Cross-complainant was clearly entitled to have the issues thus raised tried and determined. (*Warner* v. *Darrow*, 91 Cal. 309 [27 Pac. 737].) All of the parties had stipulated, on account of the allegations of the various pleadings concerning the claims of plaintiff and defendants to a particular fund, that the amount of $1282.43 should be deposited with the clerk pending the outcome of the action. Claim was also made to the fund by the affirmative defense of the respondent Guaranty Liquidation Co. The stipulation also dismissed the defendant B. Nicoll & Co. from the action. After the filing of this stipulation the action took on the complexion of one in interpleader. (14 Cal. Jur. 701.) In actions of this character the answer is ''in the nature of a cross-complaint and should be served upon each defendant, who may answer the same''. *San Francisco Sav. Union* v. *Long*, 123 Cal. 107 [55 Pac. 708, 709]. See, also, *Interlocking Stone Co.* v. *Scribner*, 19 Cal. App. 344 [126 Pac. 178]. It should be borne in mind that plaintiff haled the respondents into court by an allegation that they claimed some interest in the account which claims she denied. She had no other reason for making them parties defendant. Under these circumstances the reasoning of the following language in *San Francisco Sav. Union* v. *Long, supra,* is pertinent: ''But when, as here, all parties come in, and, without objection, make up their pleadings and litigate their claims, we feel warranted in holding that all consent to the remedy sought, and to the payment into court and consequent dismissal as to plaintiff.'' This further feature of the case should be noted. The court was, under the special circumstances of this case, bound to try and determine the issues tendered by the cross-complaint of the respondent Epperson and the

affirmative answer, which was but a cross-complaint, of the respondent Guaranty Liquidation Co.

The record comes to us by means of a bill of exceptions, and it is stipulated that it is not intended by the specifications of error to assign the insufficiency of the evidence to support the judgment and therefore we need not concern ourselves with that question somewhat argued in appellant's brief. With one exception hereafter to be mentioned the assignments of error relate to the sufficiency of the findings to support the judgment. Under this heading, in addition to the problem we have already solved, we read this specification: "That no issue was raised by the complaint as to any right or interest of the Western States Transport Company in the $1,282.43; that the sole issue raised by the complaint was in the right of the plaintiff to said money or to defendants by reason of a dispute as to plaintiff's therefor as an original contractor, and that the court had no right under said pleadings to render any judgment out of the independent contract of the Western States Transport Co." In so far as plaintiff is concerned, regardless of whether the Western States Transport Co. might complain (that is hardly conceivable inasmuch as that company was the judgment debtor), it would seem that the stipulation into which all the parties entered providing for the money to be held by the court pending the outcome of the action, would conclude the argument. But whether it does, it is patent that appellant's argument directed to her specification cannot be sustained. The quoted assignment is a subhead under the general one that the findings do not support the judgment. A portion of the findings responsive to the pleadings is to the effect that B. Nicoll & Co. became indebted to the Western Transport Co. and that the respondents had obtained judgment liens thereon. Therefore the findings support the judgment.

The exception we said would be mentioned is, that the court erred in refusing to permit plaintiff after the trial had commenced, to amend her complaint to allege, instead of a direct indebtedness to M. C. Knapp by the defendant B. Nicoll & Co., an assignment by the Western States Transport Co. of its right and interest in a contract then existing between it and B. Nicoll & Co. to the plaintiff. The court denied her leave to amend. It appears from the record that there

were two Western States Transport Companies, one tagged "of California" and the other "of Nevada". The further assertion is made that plaintiff was the wife of the attorney for plaintiff and that counsel was also an officer of and counsel for the Western States Transport Co. whether these things were mentioned at the time leave was asked to amend does not appear in the record. Likewise the bill of exceptions is void of any excuse offered by plaintiff to explain her delay in asking such an amendment. The facts we have recited are set forth only as indicating what may possibly have been before the trial judge which caused him to exercise his judicial discretion in the manner he did. We cannot say in the absence of a good reason why the application was not earlier made that the court abused its discretion. ■ This further fact, however, establishes beyond question that the court did not err. The proposed amendment sought to allege not an assignment of an account but an assignment to the plaintiff of a contract on November 1, 1927. Had an executory contract been assigned to her on that date the indebtedness thereunder and accruing thereafter would have been to her, which was the ultimate fact alleged in her complaint in these words "That the said defendant B. Nicoll & Co. since November 1st, 1927, and until February 13, 1928, has become indebted to plaintiff in the sum of $1,338.80, for general hauling." The proposed amendment added nothing to the complaint as originally drafted.

Judgment affirmed.

Works, P. J., and Craig, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 27, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 23, 1931.