[Civ. No. 12102. Second Appellate District, Division Two.—April 7, 1939.]

LOUISE HARDING PARNHAM, Respondent, v. JOHN H. PARNHAM, Appellant.

Manierre & Cuthbertson for Appellant.

Ticknor & Maxwell for Respondent.

CRAIL, P. J.—This is an appeal from a judgment in favor of the plaintiff for instalments of alimony accruing under a judgment for a divorce of the Supreme Court of New York. The latter judgment is claimed by defendant to be of no force or effect because of a previous judgment made and entered by the court of common pleas of Pennsylvania granting the defendant a divorce from the plaintiff.

Under the laws of Pennsylvania service by publication may be had merely upon the return of the writ by the sheriff showing his inability to serve the same, and there is no requirement that a copy be mailed to the defendant at her last known address. All that is required is that upon the return of the writ by the sheriff the sheriff shall publish notice in a newspaper of general circulation for the prescribed period of time.

The defendant obtained a divorce from the plaintiff in the State of Pennsylvania without personal service upon the plaintiff and without her appearance in the case, and he now contends that the New York judgment is invalid and not entitled to recognition in this state by reason of such decree. The defendant appeared in the New York case and urged the identical defense to plaintiff's suit for divorce which is urged in this suit. In granting the decree in the New York case to plaintiff, the New York court determined that the defense here urged by the defendant was not a good defense, and that notwithstanding the purported Pennsylvania decree, plaintiff was entitled to judgment. During the course of the New York litigation the defendant made an application for a reduction in the amount of the award of alimony made by the New York court, which application was granted. The trial court in the instant case decided that the New York court had jurisdiction to make said judgment and orders; that the Pennsylvania court did not have jurisdiction to enter a decree of divorce between the parties, and that by reason of the foregoing facts the plaintiff was en-

titled to recover judgment in accordance with the prayer of her complaint.

The defendant's first contention is that the complaint does not state facts sufficient to constitute a cause of action, and in this point he contends that nowhere in the complaint does it appear that the suit is predicated upon any final judgment or order, and that it conclusively appears from the language of the complaint that the cause of action is based upon an interlocutory decree of divorce. From the allegations contained in the complaint it clearly appears that the judgment sued upon is the one dated September 29, 1922, attached to plaintiff's complaint as "Exhibit A" and made a part of it. It appears on its face that the judgment was a final judgment of divorce, and since it is included in the complaint, the judgment itself is controlling as the basis of its nature and effect. The judgment is erroneously referred to in the complaint as an interlocutory judgment. Whatever name is given it by the complaint cannot change the character of that judgment. It is not what a paper is named, but what it is that fixes its character. (*Hinkel* v. *Crowson*, 83 Cal. App. 87 [256 Pac. 479]; *Allers* v. *Beverly Hills Laundry*, 98 Cal. App. 580 [277 Pac. 337]; 21 Cal. Jur. 58.)

Even though the judgment were an interlocutory decree, it might still be enforced in this state. The interlocutory decree in a divorce action becomes final and is *res judicata* on all questions determined therein, including ordinarily the property rights of the parties, except the final dissolution of the marriage which is generally the only question held in abeyance until the entry of the final decree. (*Overell* v. *Superior Court*, 29 Cal. App. (2d) 418 [84 Pac. (2d) 789]; *Borg* v. *Borg*, 25 Cal. App. (2d) 25 [76 Pac. (2d) 218].)

The defendant's second contention is that, "Assuming, for the purpose of argument, that a cause of action may be stated upon an interlocutory decree, it appears from the evidence that all money due upon the interlocutory decree, had been paid and, hence, the plaintiff is not entitled to recover anything." This point is built upon the same contention that because the plaintiff's complaint refers to an interlocutory judgment, the plaintiff cannot recover on the final judgment. There is no merit in this contention.

The defendant's next contention is that the findings of fact are unsupported by the evidence. On this question it

is our duty to view the evidence in the light most favorable to the plaintiff, and in our view there is substantial evidence to sustain the findings of the trial court. It is not our custom to set out the evidence in detail when such a claim is made.

The defendant's next contention is that the Pennsylvania decree is entitled to recognition in California under the full faith and credit provision of the federal Constitution. The findings of the New York court, which were a part of the evidence, included the following: "Fourth: That in the month of June, 1917, the plaintiff and defendant and their daughter moved to Stony Creek, Connecticut, and the plaintiff and defendant lived together there until February, 1918, when the defendant left the plaintiff and abandoned her without cause, and from that time on the parties have not lived and cohabited together." The parties last lived together as husband and wife in the State of Connecticut. Under the findings in the New York case it is not true that the defendant was the innocent party. The trial court in the case now under review found that the defendant did not go to Pennsylvania in good faith with the intention of making his permanent home there, and that he never became a *bona fide* resident of the State of Pennsylvania. The Pennsylvania decree was not binding in this state for two reasons: because the trial court determined on substantial evidence that the Pennsylvania court never acquired jurisdiction by reason of Mr. Parnham's lack of *bona fide* residence in the State of Pennsylvania (*Bruguiere* v. *Bruguiere*, 172 Cal. 199 [155 Pac. 988, Ann. Cas. 1917E, 122]), and because of the adjudication of the New York court adversely to the defendant when exactly the same question was there raised in a case where personal jurisdiction had been acquired and in which Mr. Parnham appeared in person and by counsel. (*Delanoy* v. *Delanoy*, 216 Cal. 27 [13 Pac. (2d) 719, 86 A. L. R. 1321]; *Haddock* v. *Haddock*, 201 U. S. 562 [26 Sup. Ct. 525, 50 L. Ed. 867, 5 Ann. Cas. 1].)

The defendant's next contention is that the court erred in invoking the doctrine of estoppel, but in our view it was not necessary for the trial court to find that there was an estoppel and we do not discuss this question.

Finally, the defendant contends that, "The New York judgment is not entitled to be recognized under the full faith

and credit provision of the federal Constitution for the reason that if under the laws of the state where a divorce decree is rendered, it is subject to modification retroactively, it is not entitled to full faith and credit.'' But defendant does not cite us to any satisfactory authority that the New York instalments of alimony already accrued may be modified retroactively. On the contrary, they hold that the right to instalments of alimony vests when the same become due, and that a New York judgment awarding alimony is final as to past due instalments. (*Lynde* v. *Lynde,* 181 U. S. 183 [21 Sup. Ct. 555, 45 L. Ed. 810]; *Sistare* v. *Sistare,* 218 U. S. 1 [30 Sup. Ct. 682, 54 L. Ed. 905, 20 Ann. Cas. 1061, 28 L. R. A. (N. S.) 1068]; *Keck* v. *Keck,* 219 Cal. 316 [26 Pac. (2d) 300].)

In this connection the defendant also refers us to section 1155 of the Civil Practice Act of New York, which provides in effect that the court shall have the power to annul, vary or modify any order or decree for permanent alimony at any time after final judgment. In construing this section with reference to accrued instalments of alimony which were not yet paid, the court of appeals of New York in *Harris* v. *Harris,* 259 N. Y. 334 [182 N. E. 7], said: ''These past due sums have become vested rights of property in the plaintiff which the Supreme Court has no power to take from her.'' (*Brice* v. *Brice,* 225 App. Div. 453 [233 N. Y. Supp. 366]; *Krauss* v. *Krauss,* 127 App. Div. 740 [111 N. Y. Supp. 788]; *Parkinson* v. *Parkinson,* 222 App. Div. 838 [226 N. Y. Supp. 454].)

The defendant is right in his contention that the rate of interest on the amount found due was not properly computed. The trial court in computing the amount to be recovered, figured interest at the rate of 7 per cent per annum, fixing the total amount of recovery at $26,597.93. The rate of interest on judgments under the New York law is 6 per cent. The rule is that in establishing foreign judgments the law of the state of the rendition of the judgment controls the rate of interest as against the law of the state in which the judgment is sought to be enforced. (*Stewart* v. *Spaulding,* 72 Cal. 264 [13 Pac. 661]; *Thompson* v. *Monrow,* 2 Cal. 99 [56 Am. Dec. 318]; *Cavender* v. *Guild,* 4 Cal. 250, 78 A. L. R. 1063.) The judgment is modified so that it is reduced to the sum of $25,591.86.

As so modified, the judgment is affirmed. Each party to pay his or her own costs.

Wood, J., and McComb, J., concurred.