GEORGESON v. CONSUMERS' LUMBER CO. (BUHNE, Intervener).

No. 14,649; November 1, 1892.

31 Pac. 257.

**Sheriff's Sale—When will be Set Aside.**—In a proceeding by a judgment defendant to set aside a sheriff's sale it appeared that 600,000 feet of lumber belonging to the execution defendant were sold to claimant for $700, and that the sale was made in lump for a grossly inadequate sum. Held, that the sale was properly set aside.

APPEAL from Superior Court, Humboldt County; G. W. Hunter, Judge.

Proceeding by the Consumers' Lumber Company to set aside a sheriff's sale on execution issued on a judgment in favor of Georgeson against said company, in which proceeding Buhne, Jr., intervened, and claimed the property as purchaser under the sale. From an order setting the sale aside, plaintiff, Georgeson, appeals. Affirmed.

Ernest Sevier and Coonan & Sevier (Horace L. Smith of counsel) for appellant; J. W. Turner for respondent.

PATERSON, J.—Plaintiff recovered judgment against the defendant in the court below for the sum of $1,034.58. Thereafter an execution was regularly issued on the judgment, and levied upon 600,000 feet of lumber belonging to the defendant. The lumber was sold by the sheriff to the intervener, Buhne, Jr., on May 20, 1891, for the sum of $700. This is an appeal from an order vacating and setting aside the sale referred to. The court below evidently believed that the sale was improperly made in a lump and for a grossly inadequate sum, and there is abundant evidence to show that such were the facts. Indeed, the court would have abused its discretion, we think, if upon the evidence before it the motion to vacate the sale had been denied. Hudepohl v. Mining Co., 94 Cal. 588, 28 Am. St. Rep. 149, 29 Pac. 1025, cited by appellant, is not in point. That was an action in equity to set aside a sale of several disconnected parcels of land which had been sold en masse. The

defendant therein was a vendee of the original purchaser without notice of any irregularity. There was nothing to show that a larger sum would have been realized from the sale if the property had been sold in parcels, or that a sale of less than the whole tract would have brought sufficient to satisfy the writ. A number of technical objections were made in the court below, and the rulings of the court thereon are urged here as error. It is sufficient to say that there is no merit in any of the objections.

The order is affirmed.

We concur: Harrison, J.; Garoutte, J.