[L. A. No. 4890. Department One.—June 19, 1919.]

MELISSA H. L. FORD, Respondent, v. CALIFORNIA
PACIFIC INVESTMENT COMPANY (a Corporation),
et al., Defendants; H. B. LEARNED, Appellant.

[1] EXECUTION—FRAUDULENT SALE—PURCHASER NOT A PARTY TO AC-
TION—RELIEF—MOTION.—Where sufficient grounds exist for vacating
an execution sale, it may be vacated by motion to the court which
has decreed the sale, as well as by a separate action brought for
that purpose, notwithstanding the purchaser at the sale was not
a party to the action.

APPEAL from an order of the Superior Court of Los
Angeles County vacating an execution sale. Frederick W.
Houser, Judge. Affirmed.

The facts are stated in the opinion of the court.

John O. Bender for Appellant.

OLNEY, J.—This is an appeal from an order vacating an
execution sale on the grounds that the price was wholly dis-
proportionate to the real value of the property and that the
sale was unfair and fraudulent. The appellant is the pur-
chaser at the sale. He was not a party to the action and his
position is that where a purchaser at a judicial sale is not a
party to the action, the sale cannot be vacated on motion, but
only in a separate action brought for that purpose. [1] This
is the sole question in the case, and it is answered by *Thomp-
son* v. *Superior Court,* 119 Cal. 538, 542, [51 Pac. 863, 864],
where an order vacating a judicial sale was under attack and
the court said: "It is contended that this order is void for
want of jurisdiction; that the title to the property having
vested in the petitioner by the sale, he could not be divested
of that title in such a proceeding. The rule, however, is quite
otherwise. While the party seeking relief may resort to his
bill in equity, he may—and, indeed, it is often the preferable
practice—apply by motion to the court which has decreed the
sale, and in applying to such court he may base his applica-
tion upon any equitable principle of relief which would give
jurisdiction to a court of equity in any other case of sale—
fraud, mistake, accident, or other ground of purely equitable

cognizance.   And particularly will the court entertain such applications where the deception has been practiced or the mistake induced by the act of the purchaser.   In all such cases due regard will be had to the intervening rights of third persons, but no such rights have here arisen.   Amongst numerous authorities supporting this proposition may be instanced (citing a number of authorities).''   (See, also, *Georgeson* v. *Consumer's Lumber Co.*, 3 Cal. Unrep. 584, [31 Pac. 257].)

If *Bryan* v. *Berry*, 8 Cal. 135, the only decision by this court to which appellant's counsel has referred us, is to be taken as holding to the contrary, it must be deemed to have been overruled on this point.

Order affirmed.

Shaw, J., and Lawlor, J., concurred.