[Civ. No. 5143. Second Appellate District, Division One.—April 2, 1928.]

JENNIE L. HAISH, Appellant, v. SARA D. HALL, Respondent.

Horace S. Wilson and Constan Jensen for Appellant.

Neil S. McCarthy and Earl L. Banta for Respondent.

HAHN, J., *pro tem.*—Upon this appeal we are asked to review an order of the superior court granting respondent's motion to set aside and annul a sale of 30 shares of the capital stock of the United Oil Company made by the sheriff upon execution issued to satisfy a judgment for $15.60, rendered in favor of the plaintiff and appellant, and against defendant and respondent.

It appears from the record, that upon the trial of the action, plaintiff recovered a judgment quieting her title to certain described real property which had been sold under execution to satisfy a judgment obtained in another action by the defendant and respondent herein. With plaintiff's judgment quieting title, she also recovered judgment for costs in the sum of $15.60. Execution was in due course issued and levy made upon the oil stock in question, standing in the name of defendant, which according to the affidavits in the case had a market value of at least $1,290. There is no contention that there is any irregularity in the proceedings leading up to and including the sale. At the time of the sale no one appeared to bid except the plaintiff and her attorney, and the plaintiff's bid of $23.60, which is the amount of the judgment plus the sheriff's costs in the sale proceedings, was accepted. Neither the plaintiff nor her attorney had any information that execution was to be or had been issued and levied, or that a sale had been made, until several days after the sale. It does appear that, subsequent to the rendition of judgment in the instant case and the sale under execution, the attorney for the defendant

had been conducting negotiations with the attorney for the plaintiff with a view to securing a settlement of a judgment which had been obtained by the defendant in another action against the husband of the plaintiff, and to satisfy which judgment an execution had been levied upon plaintiff's property, which caused the present action to quiet title. There was a controversy over the question as to whether the property standing in the name of plaintiff and upon which the levy had been made was the community property of plaintiff and her husband. Apparently, the attorney for the defendant carried on the negotiations referred to with plaintiff's attorney with the idea that in the settlement, if one was accomplished, there would be a set-off of the judgment for costs obtained by the plaintiff in the instant action, against the judgment obtained by the defendant in the other action.

Upon learning of the sale of the stock, respondent herein promptly gave notice of motion to set aside the sale, accompanying said notice with affidavits. Upon the hearing, counter-affidavits were filed by the plaintiff, and in due course the court made its order setting aside and annulling said sale. From this order the plaintiff appeals, urging two grounds for reversal:

First: That the trial court did not have the power to set aside the sale upon motion. That such relief could only be granted in a suit in equity.

Second: If it is held that such relief can be granted on motion, that the only ground urged was the inadequacy of the consideration paid for the stock and this has been held not sufficient to justify the setting aside of a sale otherwise properly conducted.

The rule for determining when relief from a sale of property under execution may be had by motion to set aside the sale, and when such relief may be had only by a suit in equity, is not clearly established. It has been held that there is a concurrent jurisdiction that may be exercised in law by the making of a motion, or in equity by a separate suit. (*Ford* v. *California Pac. Inv. Co.*, 180 Cal. 616 [182 Pac. 274].) There are also cases which hold that under a certain state of facts an action in equity is the only way in which relief may be had. This is the conclusion arrived

at in the case of *Craig* v. *Stansbury,* 37 Cal. App. 668 [174 Pac. 404]. The principal ground in that case, urged upon a motion to set aside an execution sale, was that a conspiracy had been formed between the judgment creditor, the deputy sheriff conducting the sale, the deputy county clerk, and the purchaser, to defraud the owner of the property sold. It was there held that under the facts as they appeared in the case, an action in equity was the proper method for securing relief. The court, in discussing the question, however, recognizes that under a different state of facts a motion to set aside the sale would be a proper proceeding. The proceeding by motion seems to have had general approval where the facts show that no equities of third parties have intervened, and a deed or bill of sale for the article or property sold has not been executed and delivered to the purchaser.

The facts in the instant case clearly bring it within that class where the proceeding by motion for relief has been approved.

█ In support of the second point, appellant urges that the court erred in setting aside the sale, for the reason that the motion was granted on the ground of inadequacy of the consideration.

It is well settled as an abstract proposition of law in this state that "mere inadequacy of consideration" will not justify the court in setting aside a sale made under execution, where the sale has been regularly noticed and held. Our courts, however, have held that there is a difference between "mere inadequacy of consideration" and "gross inadequacy of consideration." The court, in *Odell* v. *Cox,* 151 Cal. 70 [90 Pac. 194], said: "In fact, according to very respectable authority, inadequacy of price may be so gross as in itself to furnish satisfactory evidence of fraud or misconduct on the part of the officer or purchaser, and justify the vacating of the sale." Mr. Freeman, in his work on executions, in section 309, discussing this same question, said: "Where the inadequacy is palpable, the purchaser can retain his advantage only by showing that the proceedings are free from fault or irregularity. If the inadequacy can be connected with or shown to result from any mistake, accident, surprise, misconduct, fraud, or irregularity, the

sale will generally be vacated, unless the complainant was himself in fault, or the rights of innocent third parties have become dependent on the sale.'' These views find support in the case of *Graham* v. *Burgess,* 117 U. S. 180 [29 L. Ed. 839, 6 Sup. Ct. Rep. 686], and *Schroeder* v. *Young,* 161 U. S. 334 [40 L. Ed. 721, 16 Sup. Ct. Rep. 512, see, also, Rose's U. S. Notes].

Appellant urges the cases of *Baldwin* v. *Brown,* 193 Cal. 345 [224 Pac. 462], and *Sargent* v. *Shumaker,* 193 Cal. 122 [223 Pac. 464], and *Rauer* v. *Hertweck,* 175 Cal. 278 [165 Pac. 946], as supporting his position. An examination of these cases discloses that they differ very markedly in the facts from those of the instant case, and, moreover, each opinion distinguishes the facts in the case of *Odell* v. *Cox, supra,* from those in the case in which the opinion is written. In neither of these cases cited is there any attempt to disapprove of the considerations emphasized, or the conclusion arrived at in the *Odell* v. *Cox* case.

While the line of reasoning in *Odell* v. *Cox* which leads to the conclusion therein arrived at may be attacked as having some exceedingly weak points, the approval of the court in setting aside a sale under the circumstances therein shown is surely more consonant with equitable considerations than are some of the decisions that reach a contrary conclusion.

We readily give our approval to the line of reasoning and the conclusions arrived at in *Odell* v. *Cox* by affirming the order here appealed from.

The order is affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 23, 1928, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 31, 1928.

All the Justices concurred.