[Civ. No. 3902. Fourth Dist. Aug. 9, 1948.]

LEONARD SWANSON et al., Appellants, v. JAMES F. TEARNEY et al., Respondents.

Ruel Liggett and Roy M. Cleator for Appellants.

Robert B. Burch, Jr., Robert W. Conyers and Davies, Burch & Conyers for Respondents.

BARNARD, P. J.—This is an action for damages for an alleged breach of a contract of employment.

On October 1, 1945, the Swansons took possession of a store and living quarters owned by the Tearneys, under an agreement that they would manage the store for the owners "for one year with the option of a longer term," and that the net profits were to be divided equally between them each month. On October 18, 1946, the Swansons notified the Tearneys that they were exercising their option with the intention to extend the agreement to October 1, 1947, "as a proper exercise of their option." On October 22, 1946, the Tearneys gave written notice to the Swansons that all their rights under the contract were "hereby terminated," and demanding possession.

On November 6, 1946, the Tearneys filed an action against the Swansons entitled "Complaint for Injunctive Relief" and containing three counts, one for an injunction, one for declaratory relief, and one for possession and damages. An accounting was also prayed for, with judgment for any amount found due. A restraining order was issued on November 6, 1946, and in obedience thereto the defendants vacated the premises on November 7, 1946.

The answer filed by the Swansons denied that they were wrongfully in possession or management of the property, admitted that a notice of termination had been served but denied that they were acting as employees of the plaintiffs, and as an affirmative defense alleged that under the agreement they were operating the business as a joint venture, that they had exercised their option for a longer term, and that the agreement was still in full force and effect. It was then alleged that the agreement attached to the complaint was not a true copy of the original agreement.

The action was first tried and submitted on November 14, 1946. Thereafter, the plaintiffs filed an amendment to their complaint alleging violations of the contract on the part of the defendants. A further hearing was then had on January 22, 1947.

Findings were then filed in which it was recited that when the matter came up on November 14, 1946, upon an applica-

tion for a restraining order, it was stipulated that the merits of the case should also be heard and determined and the court proceeded to the trial of the case; that oral and documentary evidence was received, and the case argued and submitted; that thereafter, both parties requested ''that an accounting be had and that the court find and determine their mutual liabilities one to the other''; that the plaintiffs then filed an amendment to their complaint and the defendants petitioned for a hearing on an accounting; and that a further hearing was then had on January 22, 1947. It was then found that the plaintiffs are the owners of this business; that they employed the defendants as managers under this agreement; that on October 18, 1946, the defendants served notice of their desire to continue as such managers; that on October 23, 1946, the plaintiffs notified the defendants that their employment and right of occupancy were terminated and requiring them to move; that the plaintiffs did not terminate or attempt to terminate that employment prior to October 23, 1946; that since that date the defendants have had possession of the books and records of said business to which the plaintiffs were entitled; that subsequent to that termination the defendants have refused to surrender possession after demand made; that it is not true that this business was a joint venture of the plaintiffs and defendants; and ''that after balancing the mutual accounts of these parties'' the defendants owed certain amounts to the plaintiffs, but are entitled to certain credits, leaving a net amount due from defendants to the plaintiffs in the sum of $1,045.82, ''all of which is now wholly due, owing and payable.'' As conclusions of law, it was found that up to October 23, 1946, the defendants were employees of the plaintiffs; that the defendants were not wrongfully in possession prior to that time; that the employment of the defendants and their equitable rights were terminated on October 23, 1946; that since such termination the plaintiffs have been entitled to possession of the property ''as a matter of right''; that upon the accounting made the plaintiffs are entitled to $1,045.82; and that the plaintiffs are entitled to a permanent injunction against the defendants. Judgment was entered on February 25, 1947, in favor of the plaintiffs for $1,045.82, and awarding them possession of the business without any interference from the defendants.

On March 24, 1947, the Swansons brought this action alleging their employment by the Tearneys; its purported termina-

tion by them; that this termination of their employment was without legal right and was a breach of the employment agreement; and that as a result they have been damaged in certain amounts. An answer was filed denying, generally, the allegations of the complaint. Later an amendment was filed setting up as affirmative defenses that the judgment in the prior action is a bar to the cause of action here sued upon; that all of the issues here involved were available to the plaintiffs in the former action in which judgment had been entered adjudicating all rights growing out of the transaction upon which this suit is based; that in the former action the Swansons had omitted to set up as a counterclaim the matter here relied on though the same was then available to them, having arisen out of the same transaction; and that if the matter had there been raised it would have tended to defeat or diminish the claims of the plaintiffs in that action.

The findings in this action recite that when the action came on for trial a motion for judgment in favor of the plaintiffs was made and argued; that before any decision thereon was made the defendants offered in evidence the entire judgment record in the prior action, and that this record was received. It was then found that judgment in the prior action was rendered in favor of these defendants and had become final; that the pleadings, findings of fact and conclusions of law, and judgment in the prior action are attached to and made a part of these findings; that the same cause of action here relied on was adjudicated in the prior action; that the plaintiffs in the present action omitted to set up in the prior action as a counterclaim the cause of action now relied on, although it was then available to them, arose out of the transaction there sued on, and had it been there pleaded would have tended to defeat or diminish the claims of the plaintiffs in that action; and that the plaintiffs in this action failed and omitted to set up or plead, in the former action, any counterclaim or cross-complaint either for damages or otherwise. As conclusions of law, it was found that the cause of action here sued on has been adjudicated in the former action, and that the plaintiffs herein are estopped from asserting the cause of action here relied on. Judgment was entered accordingly and the plaintiffs have appealed on a clerk's transcript which thus includes most of the judgment roll in the prior action.

The appellants contend that the prior action was merely one for declaratory relief; that section 1062, Code of Civil Proce-

dure, expressly provides that a judgment in such a case shall not preclude a party from obtaining additional relief based upon the same facts; that all that was determined in the prior action was that this employment contract had been terminated; that the court was not there concerned with whether or not this termination was wrongful or whether it constituted a breach of the employment contract; that whether their discharge was rightful or wrongful was not an issue which could have been determined in that case; that the real issue in that case was whether or not the employers had the power to discharge the appellants, and not as to whether or not they had exercised that power; and that the appellants had the right to defend the prior action on the ground that they had not been discharged, and to await a decision on that defense before seeking damage for a wrongful discharge.

 Declaratory relief was an incidental matter in the prior action. Notice of termination of the employment had been served, and the main purpose of the action was to establish both the employers' right to terminate and the fact of termination. Declaratory relief was included, as one cause of action, for the very purpose of raising the issue as to whether the employment had been rightfully terminated.

This was quite different from the ordinary action for declaratory relief, brought merely for the future guidance of the parties, and the main issues related to past actions and their finality. Whether or not the employment was rightfully terminated was not only within the issues presented, but the judgment was based upon the implied finding that it had been so terminated. Otherwise, the judgment entered could not have been rendered. If the employment was rightfully terminated there would be no right of action for damages for terminating it. There is no evidence before us, and all presumptions are in favor of the judgment. It does appear that the original contract did not provide for any definite extension, and a short extension was given. This may have been the reason for the court's implied finding that the employers had rightfully terminated the employment.

 In any event, the issue raised in the present action is one which could and should have been raised in the prior action. These appellants had the opportunity in that action to contend, as they probably did, that the termination of the contract was wrongful and to seek to be reinstated in their employment, or to recover damages for any wrongful breach of the contract.

This could have been done in the alternative, without waiving the right to claim reinstatement, if the facts warranted such relief. The issue here sought to be raised was directly connected with the main issue tried in the prior action and should have been there raised. Moreover, these appellants consented to go on with the second hearing in the other action, having joined in a request to the court that a complete accounting be had between the parties and "that the court find and determine their mutual liabilities one to the other."

The appellants' present claim for damages arose out of the same transaction as that involved in the prior action, it was an issue which could and should have been there raised, the controversy was there heard and submitted on a broad stipulation that the court should find and determine all the mutual liabilities of the parties arising out of the transaction, and the court's conclusion in the present action that the appellants are estopped from now asserting this claim is fully supported by the record before us.

The judgment is affirmed.

Griffin, J., concurred.