[Civ. No. 14520. First Dist., Div. One. Oct. 18, 1950.]

JAMES DALY, Respondent, v. WILLIAM WHITE, Appellant.

Lee T. Strine for Appellant.

John H. Machado for Respondent.

BRAY, J.—The superior court denied an application by defendant and appellant White for a preliminary injunction to restrain plaintiff and respondent Daly from prosecuting this action. Defendant appealed.

### QUESTION PRESENTED

Can the plaintiff in an action second filed but first served enjoin the plaintiff in an action first filed but second served from prosecuting that action, where both actions are between the same parties, arise out of the same transaction, and are filed in the same county?

## FACTS

On July 11, 1948, appellant and respondent were operating automobiles which collided with each other. On June 22, 1949, respondent filed suit against appellant in the superior court of Santa Clara County for damages for personal injuries alleged to have been received in the accident. On July 8 appellant filed a suit against respondent in the same county for damages for the injuries which he claimed to have received in the accident. On July 11 summons and complaint in the second suit were served upon respondent, who, on August 29, filed an answer but no cross-complaint. This second suit was placed upon the setting calendar. Thereafter, on October 1, appellant was served with summons and complaint in the first suit. Appellant then applied for a preliminary injunction to restrain respondent from proceeding in the second suit. After hearing, this application was denied.

## WILL INJUNCTION LIE?

Appellant contends that injunction is proper to restrain a multiplicity of proceedings, citing section 526 of the Code of Civil Procedure: "An injunction may be granted in the following cases: . . . 6. Where the restraint is necessary to prevent a multiplicity of judicial proceedings." (To the same effect, Civ. Code, § 3422.) He also cites *Lincoln* v. *Superior Court,* 51 Cal.App.2d 61 [124 P.2d 179], and *Gorman* v. *Superior Court,* 23 Cal.App.2d 173 [72 P.2d 774]. In the Lincoln case the Madera County superior court in an action to dissolve a partnership conducted through the device of four Massachusetts trusts, restrained the prosecution of four other actions brought in Los Angeles County superior and municipal courts, allegedly for the purpose of harassing the partners, the subject matter of which actions was included in the Madera County action. The appellate court upheld the restraint on the ground that a multiplicity of proceedings was involved. The Gorman case involved actions arising out of a collision between two trucks. The first action was filed in Merced County. The day the defendants in that action were served, they filed in Fresno County an action against the plaintiffs in the Merced County action. Service in this action was made later the same day. The plaintiffs in the Merced County action (the first filed and served) applied to the appellate court for a writ of prohibition to restrain the plaintiffs in the Fresno County action from proceeding. The court held (p. 177): "The Superior Court of Merced County not

only had concurrent jurisdiction but acquired jurisdiction over the whole litigation with full power to bring in all necessary parties and make a complete adjudication of the entire controversy through the fact that process of that court was first served.'' In both the Lincoln and Gorman cases the courts were considering the question of jurisdiction between courts of different counties. But the rule is different where the actions are brought in the same court in the same county. This is established by *Hamm v. San Joaquin etc. Canal Co.*, 44 Cal.App.2d 47 [111 P.2d 940]. There two suits between the same parties arising out of the same automobile accident were filed. The defendants in the first suit filed were the plaintiffs in the second suit. As in our case, first service was made in the second suit. The plaintiff in the second suit moved the court to dismiss the first suit for lack of jurisdiction because summons was served in his suit first. That motion was denied, and the cases were consolidated and tried together. In both actions cross-complaints were filed which were later stricken by the court. The plaintiff in the first suit obtained a $20,000 judgment, and in the second suit in which he was defendant judgment went for him, too. On appeal appellant claimed that the $20,000 judgment against him was void for the reason that the court lacked jurisdiction to try the cause since the court first acquired jurisdiction in the second cause because it was the one in which summons was first served. Concerning this contention the court said (Hamm was the plaintiff in the suit first filed, but second served) (pp. 54-55): ''In support of their contention that the judgment for the respondent Hamm is void for lack of jurisdiction the appellants rely on section 416 of the Code of Civil Procedure which provides in part:

'' 'From the time of the service of the summons and of a copy of the complaint in a civil action, . . . the court is deemed to have acquired jurisdiction of the parties, and to have control of all the subsequent proceedings.'

''There is nothing in the language of that section in conflict with the theory that the Merced Superior Court did not also acquire jurisdiction of the same parties, and retain control of all the subsequent proceedings in both cross suits involving the same automobile casualty, which were instituted and consolidated for trial in that same court. There was no conflict of jurisdiction between different courts. The same jury and judge tried and determined all issues of both cases at the same time. It is true that the court is deemed to acquire

jurisdiction of the parties *at the time* of the service of the summons and complaint. That does not mean the same court may not subsequently acquire jurisdiction of the same parties in a cross suit involving the identical issues so as to consolidate the cases and determine the issues at one time.''

The court then stated that the Gorman case, *supra,* is not in conflict, pointing out that in that case the actions were filed in different counties and that the reason assigned for the ruling that the court in which the summons was first served was entitled to control all subsequent proceedings in the litigation, was ''that 'this will work no injustice to them while to permit them to proceed in an independent action [in another county] will lead to unnecessary duplication and confusion, with resulting injustice to some of the parties.' '' It then stated: ''That situation does not exist in the present case where both actions are pending in the same court, and they are consolidated for trial and the court retains, not only the jurisdiction, but the control of all proceedings in both cases. The last-mentioned procedure is not in violation of section 416 of the Code of Civil Procedure.'' (Pp. 55-56.) See, also, *Myers* v. *Superior Court,* 75 Cal.App.2d 925 [172 P.2d 84], where the court approved that portion of the Hamm opinion which held that the rule of jurisdiction between courts in separate counties did not apply to the same court in the same county.

We held in *Kromm* v. *Kromm,* 84 Cal.App.2d 523 [191 P.2d 115], that there is no priority of jurisdiction between cases filed in the same court in the same county, nor is there any conflict of jurisdiction between them. See, also, *Brown* v. *Campbell,* 110 Cal. 644 [43 P. 12].

At first blush *Hilton* v. *Reed,* 46 Cal.App.2d 449 [116 P.2d 98], cited by appellant, seems to be opposed to this view. However, on analysis it clearly appears that the court did not consider the fact that the two actions were there pending in the same county, nor decide anything except the uncertainty of the allegations of the complaint. While the court states that the rule is well settled in California that the pendency of a prior action based on the same cause, contested by the same parties, and commenced in the same jurisdiction, is ground for the abatement of the second action, it did not apply that rule, nor did it discuss either the Hamm or the Myers case. The decision actually was that the allegations of the complaint were so uncertain that the court erred in overruling

appellant's demurrer as to uncertainty. Hence, the case is of no value on the question being considered here.

■ The granting of an injunction, of course, is a matter discretionary with the trial court. (14 Cal.Jur. 180; *Riviello v. Journeymen Barbers etc. Union,* 88 Cal.App.2d 499 [199 P.2d 400].) ■ As we have shown, the actions being pending in the same court in the same county, the court had jurisdiction of both, and therefore there exists no right of priority to have the proceedings in either action postponed to await the trial of the other. In its discretion, in order to avoid the necessity of two trials, the trial court may order the consolidation of both cases for trial. In case of such consolidation the court can give the parties full opportunity to present every issue upon which they rely in both cases, and can protect the rights of the parties. For example, it can give the appellant, the party whose summons was first served, the benefits of proceeding as plaintiff, as was done in the Hamm case.

## ABATEMENT

Both parties in their briefs discuss the question of abatement. Appellant contends that the injunction should have been issued as the first action should be abated. The position of respondent is not quite clear in his brief. It is either that the injunction was properly denied because he contends that appellant had an adequate remedy, to wit, motion in abatement; or that abatement will not lie in any event.

■ Although only a second action is abated by pendency of a prior action, and we have concluded there is no priority here, abatement could not lie in this case, as it lies only where not only the subject matter of two actions is the same and the parties are the same, but where the parties plaintiff and the parties defendant are identical. ". . . the parties in the second suit must stand in the same relative position as plaintiff and defendant." (1 Am.Jur. 33.) "It has been held that abatement will not lie unless the suits are founded on the same issues and the plaintiffs are the same in both actions. [Citations.] Abatement does not lie with respect to cross suits pending in the same court where the relationship of the parties to the suits is reversed." (*Hamm v. San Joaquin etc. Canal Co., supra,* p. 56.) See, also, *National Auto. Ins. Co. v. Winter,* 58 Cal.App.2d 11 [136 P.2d 22].

The order is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.