[Civ. No. 18370. First Dist., Div. One. Sept. 14, 1959.]

PETER J. DATTA, Appellant, v. DANIEL STAAB et al.,
Respondents.

Jack H. Werchick for Appellant.

Clark, Heafey & Martin and Gerald P. Martin for Respondents.

WAGLER, J. pro tem.*—In this action a jury returned a verdict in favor of plaintiff in the sum of $7,500. From a judgment in favor of defendants, notwithstanding said verdict, plaintiff has appealed. The appeal comes before us upon a clerk's transcript.

The sole question involved is the applicability of section 439 of the Code of Civil Procedure to the circumstances disclosed by the record. This section reads as follows: ''If the defendant omits to set up a counterclaim upon a cause arising out of the transaction set forth in the complaint as the

---

*Assigned by Chairman of Judicial Council.

foundation of the plaintiff's claim, neither he nor his assignee can afterwards maintain an action against the plaintiff therefor.''

On April 4, 1956, automobiles owned and operated by Datta and Staab were involved in a collision in San Mateo County, California. Each thereafter sued the other for damages for personal injuries in the Superior Court of the State of California in and for the City and County of San Francisco.

In his opening and closing briefs appellant has made numerous statements of fact regarding circumstances and events which might have some bearing on the issues herein involved but which are entirely outside the record. Under well settled rules of appellate review such facts will not be considered or discussed. (3 Cal.Jur.2d 781, 782.) ▮ ''Matter not presented by the record cannot be considered on the suggestion of counsel in the briefs.'' (3 Cal.Jur.2d 783; *Stonaker v. Big Sisters Hospital,* 116 Cal.App 375 [2 P.2d 520].)

The chronology of the pertinent facts disclosed by the record is as follows: May 17, 1956: *Complaint filed in Staab v. Datta, action Number 458457,* * alleging negligence of Datta, prayer for damages for personal injuries in sum of $25,000;* June 21, 1956: *Answer to complaint filed—verified by Datta (answer pleads unavoidable accident and contributory negligence—no counterclaim or cross-complaint filed);* June 28, 1956: *Memorandum to set filed by counsel for Staab;* September 17, 1956: Acting through different counsel, complaint filed by Datta in action Number 461881 (the case at bar) alleging negligence of Staab, prayer for damages for personal injuries in sum of $25,000; October 8, 1956: Answer to complaint filed by Staab (action Number 461881), (answer pleads contributory negligence, and as a separate defense alleges: ''That there is a prior suit pending before this Court involving the same parties; that said suit is entitled *Daniel Staab* vs. *Peter J. Datta,* No. 458457; that said suit arises out of the same transaction set forth in the complaint as a foundation of the plaintiff's claim; that said prior suit Number 458457 is a bar to this action''); April 29, 1957: Answer of Abbot Hanks, Inc. (sued as Doe Co., a corporation) filed in action Number 461881 (answer pleads contributory negligence); August 13, 1957: *Certificate of mailing of pretrial conference ordered filed (order also mailed to counsel representing Datta in instant action);* August 20, 1957: *Pretrial*

---

*For clarity, all references to action No. 458457 are italicized.

*conference order dated August 9, 1957 filed, order states the issues to be:* "[N]*egligence of defendant . . . negligence of plaintiff . . . and the damages sustained by plaintiff"* (*pretrial order recites the presence of counsel representing Datta in the instant action*); October 24, 1957: *Dismissal of action with prejudice dated September 10, 1957 filed and signed by Daniel Staab and his attorneys* (*this document reads as follows:* "*All claims and demands sued upon in the above entitled action having been compromised and fully settled, satisfied and discharged, said action is hereby dismissed, with prejudice, each party to pay his own costs. This dismissal shall operate as a retraxit*"); November 7, 1957 (action Number 461881): Pretrial order dated October 29, 1957, filed (this order purports to set forth *in haec verba* the pretrial statement of each side; defendants' statement contains the following language: "Defendant *Staab* pleads as a defense that this action is barred under the provisions of Section 439 of the Code of Civil Procedure. Action #458457 as set forth in defendant *Staab's* special defense has been settled. The issues are: Negligence; contributory negligence; damages and the special defense in bar." The pretrial order concludes with the language of the pretrial judge as follows: "Counsel for defendant states that he has a special defense pleaded herein, stating that a prior action between these parties is now a bar to the present action, and this special defense should be determined in advance of proceeding with the trial. Counsel should submit their authorities thereon to the trial Court on the morning of trial."); April 21, 1953 (action Number 461881): "[C]ause came on regularly for trial by jury. . . . Thereupon, in chambers with counsel present, a motion of defendants to dismiss action is taken under submission; and Superior Court file #458457 is marked defendants' exhibit A in evidence." The motion to dismiss was subsequently denied but after a verdict in plaintiff's favor, defendants' motion for judgment notwithstanding the verdict was granted on the ground that the claim upon which the action was based was barred by the provisions of Code of Civil Procedure, section 439. It is from the judgment entered pursuant to said motion that plaintiff has appealed.

▮ The rule is now well established that where separate causes of action, whether for personal injuries or for property damage, arise out of an automobile collision, the accident may be said to be the "transaction" out of which the causes arose within the meaning of the provision of Code of Civil Pro-

cedure, section 439. (*Todhunter* v. *Smith*, 219 Cal. 690 [28 P.2d 916]; *Schrader* v. *Neville*, 34 Cal.2d 112 [207 P.2d 1057]; *Engleman* v. *Superior Court*, 105 Cal.App. 754 [288 P. 723]; *Gorman* v. *Superior Court*, 23 Cal.App.2d 173 [72 P.2d 774].)

▇ "[T]o avoid the forfeiture which the statute brings about it should be narrowly construed. (2 Witkin, California Procedure, § 585, p. 1597; see: *Rialto Construction Co.* v. *Reed*, 17 Cal.App. 29 [118 P. 473]; *Gigliotti* v. *Nunes*, 45 Cal. 2d 85 [286 P.2d 809]; *Todhunter* v. *Smith*, 219 Cal. 690 [28 P.2d 916].) ▇ However, when the defense is seasonably and properly raised the provisions of Code of Civil Procedure, section 439, are mandatory. (2 Witkin, California Procedure, § 585, p. 1595; *Kittle Mfg. Co.* v. *Davis*, 8 Cal.App.2d 504 [47 P.2d 1089].) Under such circumstances every claim which tends to diminish or defeat plaintiff's recovery and arises out of the "transaction" must be pleaded or it is barred, i.e., the judgment rendered in the first action (seasonably pleaded) is a complete bar to any subsequent action on any such claim. (*Brunswig Drug Co.* v. *Springer*, 55 Cal.App.2d 444 [130 P.2d 758]; *Baker* v. *Eilers Music Co.*, 175 Cal. 652 [166 P. 1006]; *Swanson* v. *Tearney*, 87 Cal.App.2d 191 [196 P.2d 49]; see 10 So.Cal.L.Rev. 454; 40 Cal.L.Rev. 423.) This is true regardless of defendant's or the trial court's mistaken conclusion that it could not have been pleaded as such. (*Kittle Mfg. Co.* v. *Davis*, 8 Cal.App.2d 504 [47 P.2d 1089].) ▇ In *Kittle* the court said at page 513: "The policy of the law is so obvious as to require little comment. It is to require reciprocal rights flowing from a common source to be determined in a single action, thus avoiding not only unnecessary vexatious litigation but also the contingency of conflicting judgments. . . ."

*Gigliotti* v. *Nunes*, 45 Cal.2d 85 [286 P.2d 809], does not hold, as appellant contends, that the application of the statute in question is discretionary. The case holds only that the refusal of the trial court to permit an amendment to the answer to a cross-complaint setting up the defense of res judicata was not an abuse of discretion, the request not having been made until after all the testimony was in and both sides had rested. The case does, however, recognize the fact that had the defense been seasonably and properly pleaded it would have been an effective bar to the cross-complaint.

▇ Appellant has raised but one point of law which appears not to have been heretofore clearly decided adversely to him. All of the cases which have come to our attention

which have held Code of Civil Procedure, section 439, to be a bar to a transaction counterclaim have been cases in which the first action went to judgment as the result of a trial upon the merits. Should a different rule obtain where, as in the instant case, the first action is terminated (after issues are joined) by the filing of a dismissal with prejudice, ''[a]ll claims and demands sued upon . . . having been compromised and fully settled, satisfied and discharged''? The answer to this question should depend, we believe, on whether or not such a judgment of dismissal is res judicata.

■ ''In its primary aspect the doctrine of res judicata operates as a bar to the maintenance of a second suit between the same parties on the same cause of action. . . . ■ In its secondary aspect res judicata has a limited application to a second suit between the same parties, though based on a different cause of action. The prior judgment is not a complete bar, but it 'operates as an estoppel or conclusive adjudication as to such issues in the second action as were actually litigated and determined in the first action. [Citation.] This aspect of the doctrine of res judicata, now commonly referred to as the doctrine of collateral estoppel, is confined to issues actually litigated.'' (*Clark* v. *Lesher,* 46 Cal.2d 874, 880 [299 P.2d 865].) ■ Section 439 of the Code of Civil Procedure represents a statutory extension of the doctrine of collateral estoppel. As the result of this statute the doctrine applies not only to claims which have been actually litigated but also to any claim which could have been asserted as a counterclaim arising out of the transaction on which the complaint in the prior action was founded.

■ It is said that ''[a] final judgment is res judicata only if it was rendered on the merits. This requirement is derived from the fundamental policy of the doctrine, which gives stability to judgments after the parties have had a fair opportunity to litigate their claims and defenses.'' (3 Witkin, California Procedure, § 51, p. 1936.) In action Number 458457, it would appear that the litigants have had such ''opportunity'' but have not availed themselves of it, instead, they have compromised and settled the claim upon which the action was based, and have entered a judgment of dismissal.

■ Appellant asserts that a voluntary dismissal has only the effect of a withdrawal of the plaintiff's claim; that it leaves the defendant as though he had never been a party. This is undoubtedly true where plaintiff has received nothing in return for the dismissal. (*Cook* v. *Stewart McKee & Co.,*

68 Cal.App.2d 758 [157 P.2d 868] ; *McDougald* v. *Hulet,* 132 Cal. 154 [64 P. 278] ; *Collins* v. *Ramish,* 182 Cal. 360 [188 P. 550].) The effect of a dismissal with prejudice is quite different, however, when it is executed and filed in return for a consideration moving from the defendant. Such a dismissal operates as a complete bar to any future action (*Markwell* v. *Swift & Co.,* 126 Cal.App.2d 245 [272 P.2d 47]), and has the same legal effect as a common law retraxit. (*Ghiringhelli* v. *Riboni,* 95 Cal.App.2d 503, 506 [213 P.2d 17] ; *Goddard* v. *Security Title Ins. & Guar. Co.,* 14 Cal.2d 47 [92 P.2d 804].)

■ ''A retraxit is equivalent to a verdict and judgment on the merits of the case and is deemed to be a bar to another suit for the same cause between the same parties. . . .

■ Where the parties to an action settle their dispute and agree to a dismissal, it is a retraxit and amounts to a decision on the merits and as such is a bar to further litigation on the same subject matter between the parties.'' (17 Am.Jur. 162, 163 ; see also 16 Cal.Jur.2d 146.) ■ We accordingly hold, that in this state a dismissal after issues are joined, executed in return for a consideration moving from the defendant and which is to operate as a retraxit, is not only res judicata as to the claims of the plaintiff but as a result of the provisions of Code of Civil Procedure, section 439, it operates also as a collateral estoppel—a bar to any claim which defendant could have asserted in said action as a counterclaim arising out of the same transaction. Since it is within the exclusive power of the defendant to bring about such result by the settlement of plaintiff's claim, such a rule would appear to be just and in harmony with the objectives of the statute in question.

■ Thus, so far as the instant action is concerned, the judgment of dismissal in action Number 458457, *Staab* v. *Datta,* is res judicata not only as to the claim asserted by Staab against Datta in said action, but as a result of the compensation paid by Datta to Staab in return for said dismissal, it is also a bar to the claim of Datta asserted against Staab and Abbot Hanks, Inc., his employer, in action Number 461881 (see 29 Cal.Jur.2d 252).

■ Appellant contends that the trial court's construction of the statute (which we approve) renders it unconstitutional under the ''due process'' and ''equal protection'' clauses of the federal Constitution and similar provision of our state Constitution (Cal. Const., art. I, §§ 13, 2.) We do not agree. ■ Due process does not guarantee either

a correct decision or consistency in decision. (*Worcester County Trust Co.* v. *Riley,* 302 U.S. 292 [58 S.Ct. 185, 82 L.Ed. 268].)　■■■　There are two essentials to due process in a judicial proceeding; (1) the court must have jurisdiction over the parties and the subject matter of the action, and (2) the parties must have reasonable notice and an opportunity for hearing. (*Reclamation Dist. No. 3* v. *Goldman,* 65 Cal. 635 [4 P. 676]; *Thompson* v. *Superior Court,* 119 Cal. 538 [51 P. 863]; *Matter of Lambert,* 134 Cal. 626 [66 P. 851, 86 Am.St.Rep. 296, 55 L.R.A. 856]; *Harrington* v. *Superior Court,* 194 Cal. 185 [228 P. 15]; *Estate of Buchman,* 123 Cal.App.2d 546 [267 P.2d 73, 47 A.L.R.2d 291]; *People* v. *Lawrence,* 140 Cal.App.2d 133 [295 P.2d 4]; 29 A.L.R.2d 1074.)　■■■　Service of process was effected first in action Number 458457 (*Staab* v. *Datta*). "From the time of the service of the summons and of a copy of the complaint in a civil action . . . the court is deemed to have acquired jurisdiction of the parties, and to have control of all the subsequent proceedings." (Code Civ. Proc., § 416.) Such jurisdiction included not only the power to hear and determine the validity of the claim for damages for injuries set forth in the complaint but also of any counterclaim growing out of the same accident. Appellant was also afforded ample opportunity for hearing. The defense of "a prior suit pending" was raised by Staab upon his first appearance in the instant action on October 8, 1956—almost 11 months prior to the filing of the dismissal in action Number 458457. While the defense of res judicata was not then available to him, Staab gave unmistakable warning of his intention of asserting the defense provided by Code of Civil Procedure, section 439, should it become available. This he did in his pretrial statement in the instant action within a short time after the filing of the judgment of dismissal.

The language of the statute gives no indication as to what deadline was intended by the Legislature on the filing of a counterclaim. As a statute which works a forfeiture it has been narrowly construed. The courts have, for example, approved the consolidation of cross-actions growing out of the same accident in lieu of the filing of a counterclaim. (See *Hamm* v. *San Joaquin etc. Canal Co.,* 44 Cal.App.2d 47 [111 P.2d 940]; and *Daly* v. *White,* 100 Cal.App.2d 22 [222 P.2d 950].) If appellant did not wish to dismiss his action and file a counterclaim as required by the plain language of the statute, the rule laid down by the court in the Hamm and Daly

cases afforded him an alternative remedy, one which was open to him for a period of almost 11 months. Finally, it should be pointed out that it was the act of appellant himself which caused the defense of res judicata provided for in Code of Civil Procedure, section 439, to mature. Under such circumstances, he can hardly be heard to complain that he was not afforded reasonable notice and an opportunity to be heard. We find that appellant was not deprived of his property without due process of law.

Neither was he denied the ''equal protection of the law'' guaranteed by the state and federal Constitutions. The meaning of this term, generally speaking, is that all persons under like circumstances shall be given equal protection and security in the enjoyment of personal and civil rights, the acquisition and enjoyment of property, the enforcement of contracts and the prevention and redress of wrongs, and that they shall be subject to similar taxes and penalties. (*In re Kotta,* 187 Cal. 27 [200 P. 957].) There is no showing in the instant action that appellant has received any different treatment *at the hands of the court* than any other person would have received under like circumstances. In 22 American Law Reports 2d 621, 627, where a summary is made of the federal and state cases having similar compulsory counterclaim statutes as does California in section 439, Code of Civil Procedure, the editor in summarizing the holdings in the cases states: ''The failure to assert as a counterclaim a matter which should have been asserted under Federal Rule Number 13(a) or similar state rules or statutes precludes assertion thereof in a subsequent action.'' (See also Rest., Judgments, § 58, p. 235-236.)

 Appellant's contention that the judgment notwithstanding the verdict should be reversed because it works a forfeiture of his property must also be rejected. It is true, as appellant asserts, that the law abhors forfeitures and statutes are construed strictly to prevent them. It is also true, however, that courts give to statutes that provide for forfeitures such a construction as will be consistent with justice and reason. (45 Cal.Jur.2d 684.) The Legislature, in adopting the various codes, has made provision for the enforcement and protection of private rights and the redress or prevention of private wrongs. In adopting section 439, Code of Civil Procedure, the Legislature provided the means or method by which parties could seek redress for claims between them arising out of the same transaction.

The language of the section is plain and unambiguous. If appellant saw fit to ignore the remedy provided by the statute for the enforcement of his claimed rights, and elected to proceed in accordance with his own desires and for his own reasons, whatever they might be, justice and reason would seem to dictate that he should bear the consequences. To depart from a sound construction of the statute to relieve appellant from a forfeiture in the instant case would not only work an injustice upon respondents, but would cause confusion, encourage the disposition of litigation piecemeal, and result in infinitely more injustice in the long run.

The judgment is affirmed.

Bray, P. J., and Tobriner, J., concurred.

A petition for a rehearing was denied October 13, 1959, and appellant's petition for a hearing by the Supreme Court was denied November 10, 1959. Schauer, J., and Peters, J., were of the opinion that the petition should be granted.