Jesse H. KNIGHT, Plaintiff,

v.

William M. BARNES, Defendant.

No. 16217.

United States District Court
S. D. California,
Central Division.

Jan. 11, 1960.

Wallace & Wallace, Los Angeles, Cal., for defendant.

Laughlin E. Waters, U. S. Atty., Richard A. Lavine and Frederick M. Brosio, Jr., Asst. U. S. Attys., John U. Gall and F. V. Lopardo, Los Angeles, Cal., for plaintiff.

BYRNE, District Judge.

This motion relates to proceedings which stem from a judgment issued in an action some seven years ago in the District of Columbia for a breach of contract. That judgment was registered in this District and, pursuant thereto and upon due issuance of an alias writ of execution, a sale of certain real property was conducted by the United States Marshal. At the sale the plaintiff bid $45,500 for the property. At this date none of this sum has been paid to the Marshal nor will the real property sold at the execution sale be finally deeded to plaintiff until one year from the date of the sale which was conducted February 3, 1959.

The defendant seeks a declaration by the Court that the judgment has been satisfied, that the plaintiff's bid exceeds the amount due on the judgment by approximately $5,700 and ordering the Marshal to pay that sum to the defendant. In the alternative, defendant moves for an order setting aside the execution sale.

It appears that plaintiff's bid was equivalent to that sum plaintiff considered was then owing to him on the judg-

ment. In arriving at that sum the plaintiff calculated the interest at 7%, which is the legal rate of interest in California, and was the rate stated in the writ of execution issued by the Clerk of this Court pursuant to which the sale was made. Now, however, defendant contends that the proper interest rate is 6% as it would have been in the District of Columbia where the judgment issued, and that a deduction should be made for sums already paid on the judgment. Defendant's computation on the sum owing the plaintiff is less than the amount stated in the alias writ of execution and the amount of plaintiff's bid by some $5,700.

■ A basic substantive issue is whether to apply the California or the District of Columbia rate of interest to the District of Columbia judgment. The authority for registration of a foreign judgment is found in § 1963 of Title 28[1]. Section 1961, Title 28[2] states the Federal rule on interest on judgments. This section provides that the interest is calculated "at the rate allowed by State law" from the date of the entry of the judgment. Surely there can be no dispute that the 6% District of Columbia rate applied from the date of the entry of judgment until the registration of the judgment in California. Congress could not have intended that the rate of the state where the judgment was rendered and entered would apply from the date of entry of the judgment until its registration in another state, at which time the rate allowed by the state where registered would prevail. If such an argument could seriously be maintained, what would be the rate of interest on the judgment if it were registered in several states allowing different rates? In

Parnham v. Parnham, 32 Cal.App.2d 93, 89 P.2d 189, the California Court makes it clear and explicit that the interest is computed at the rate used in the jurisdiction in which the judgment is rendered. It would be incompatible to apply the state rate of interest and in a case where a court of the state would itself apply the foreign rate of interest. It seems clear that the reference in § 1961 to the "rate allowed by State law" means the rate allowed by the state in which the judgment was rendered and entered.

■ Not only did the alias writ of execution erroneously state the rate of interest on the judgment, but it failed to credit sums previously returned by the U. S. Marshal and paid to the attorney for the plaintiff in partial satisfaction of the judgment. Under these circumstances neither the writ nor the sale conducted pursuant to the writ should be permitted to stand.

The issuance of a proper writ of execution and a sale conducted pursuant thereto will result in the lapse of another year before the consummation of plaintiff's relief, but he is not entirely without fault for his present plight.

The rule for determining when relief from a sale of property under execution may be had by motion to set aside the sale, and when such relief may be had only by a suit in equity, is not clearly established. It has been held that there is a concurrent jurisdiction that may be exercised in law by the making of the motion, or in equity by a separate suit. Ford v. California Pac. Inv. Co., 180 Cal. 616, 182 P. 274. The proceeding by motion seems to have had general approval where the facts show that no

1. Title 28 U.S.C. § 1963 "a judgment in an action for the recovery of money * * * which has become final * * * may be registered in any other district by filing a certified copy of such judgment. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner * * *"

2. Title 28 U.S.C. § 1961, "interest shall be allowed on any money judgment in a civil case recovered in a district court. Execution, therefore, may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State. Such interest shall be calculated from the date of the entry of the judgment, at the rate allowed by the State law.

equities of third parties have intervened, and a deed or bill of sale for the article or property sold has not been executed and delivered to the purchaser. Haish v. Hall, 90 Cal.App. 547, 265 P. 1030.

The writ of execution will be ordered quashed and the sale vacated. Counsel for the defendant is directed to prepare, serve and lodge within 5 days a formal order pursuant to local rule 7, West's Ann.Code.